WHATLEY, Judge.
V.J.C. appeals the disposition order committing him to the Department of Juvenile Justice at a moderate risk placement, which is a residential commitment disposition. He contends that the trial court erred in not ordering and reviewing a predisposition report before determining his disposition.
Section 985.229(1), Florida Statutes (2001), requires that a trial court order a predisposition report for any child for whom a residential commitment disposition is recommended. There is no indication in the record that such a report was ordered in this case. The State argues that the trial court’s statements at the disposition hearing indicating that it knew the recommendation of the Department reveals that a predisposition report was considered by the court. We do not agree that the court’s statements support such a conclusion. The State also notes that it obtained a copy of the predisposition report prepared for this case from the Pasco County State Attorney’s Office. Setting aside the question of why the State did not supplement the record with this report, the fact that a predisposition report on V.J.C.' exists also does not support the conclusion that the trial court reviewed the report before deciding V.J.C.’s disposition.
Accordingly, we reverse and remand with directions that a new disposition hearing be conducted in strict compliance with section 985.229.
Reversed and remanded.
NORTH CUTT and STRINGER, JJ., Concur.